S. W. BUSH, TRUSTEE, APPELLANT, VS. CHARLES S. ADAMS, ADMINISTRATOR DE BONIS NON CUM TESTAMENTO ANNEXO OF JOHN S. ADAMS, DECEASED, APPELLEE.

1. This court having decided that on a former appeal in this case that a mortgage is within the statute of non-claim, and that the pending of a suit of foreclosure against the mortgagor at his death is not a presentation of the claim within the meaning of the statute, and that a revivor of the suit against the representative of the mortgagor after the statutory period has run will not be a legal presentation, if no effort to revive has been made within such period, and there being now no evidence of any other presentation of the claim, or of any effort to revive the suit within the statutory period : *Held*, That the claim is barred by the statute of non-claim.

2. The objection that the publication of notice by the administratrix was not shown to have been made, as the statute then required,

in a newspaper authorized to make such publications, is not a valid one, there having been no resistance to the offer of the publication in evidence on that account, and, in the absence of proof to the contrary, the presumption being under such circumstances that the newspaper was an authorized medium of publication.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Geo. Wheaton Deans* for Apellant.

*A. W. Cockrell & Son* for Appellee.

MAXWELL, J.: On a former appeal in this case (22 Fla., 177), it came up on exceptions to the answer, which had been overruled, the appeal seeking to reverse the overruling order. The order was affirmed, and the case remanded for issues on the answer, and trial. To understand the present appeal only a short statement is necessary. The suit was for the foreclosure of a mortgage given by Adams. Pending the suit he died, and his widow took charge of his estate as the executrix of his will. She died, and administration *de bonis non* was committed to Driggs, against whom the suit was revived. The dates important to be noticed are, that the suit was begun in January 1876 ; that letters testamentary were granted to Mrs. Adams in June of that year ; that after her death, two years subsequently, Driggs was appointed administrator, viz: July 30th, 1878, and that Driggs was brought into the suit by process issued July 23d, 1884.

Among the defences made by the answer of Driggs, to which exception was taken and overruled, was the statute of non-claim. The allegations in substance are that Mrs. Adams, as executrix, on the 23d of November, 1876, gave

notice to creditors and others entitled to distribution, by advertisement, once a week, for four consecutive weeks, in the Daily Florida Union, a newspaper then published in the county, that their claims would be barred at the expiration of two years, unless exhibited before the end of that time, and the notice would be pleaded against them. That the claim sought to be asserted by the bill was never presented to said executrix, or otherwise exhibited as a claim against said estate, during her life, and no proceedings whatever, by revivor or otherwise after the death of her testator, were had or sought to be had against her in or concerning the suit aforesaid on said claim against said testator in his lifetime; and that since the death of said executrix the claim was never presented to defendant, or otherwise exhibited as a claim against said estate, until service of process upon him in this suit, in 1884.

By referring to the opinion on the exceptions to portions of the answer, given when the case was here before (22 Fla., *supra*) it will be seen that in sustaining the court below in overruling the exceptions, it is held that a mortgage is within the statute of non-claim, which bars claims not presented to the executor or administrator of the estate within two years after notice to creditors and others to present them, provided the notice has been given by such executor or administrator by an advertisement published once a week for the space of four weeks in some newspaper printed in the State; and held further that the pending of a suit of foreclosure against the mortgagor at his death, is not a presentation or exhibition of the claim within the meaning of the statute, nor will a revivor of the suit against the personal representative after the statutory period has run, constitute a legal presentation, if no effort to revive has been made within such period.

This settled the law of the case in respect to the defence of non-claim to this extent.

After the case was remanded the plaintiff filed his replication to the answer, and a hearing was had upon the coming in of the evidence. The court dismissed the bill, and from this decree was taken the present appeal. Was this error?

For the determination of the question, we need only look to the proofs in regard to the giving of the statutory notice by the executrix, and in regard to the time that elapsed after it was given before the claim was presented. If proper legal notice was given, and the claim was not presented within two years after the date of such notice, provided there was a representative of the estate to whom it could be presented within that time, it was barred. The evidence on these points is short and simple. The notice claimed to have been published was as follows:

### EXECUTRIX NOTICE.

Notice is hereby given that the last will and testament of John S. Adams, deceased, late of Duval county, Fla., was on the 19th day of June, 1876, admitted to probate and record, and the undersigned duly qualified as executrix thereof. All persons, creditors, heirs, legatees and others having claims of any kind whatsoever against the estate of said testator, will present the same, duly authenticated, to the executrix for payment; and if not so presented within two years from the date of this notice they will be forever barred, and this notice will be pleaded against them.

All persons indebted to said estate are requested to make immediate payment.

ELLEN F. ADAMS, Executrix.

November 23d, 1876.

This in its terms meets the requirements of the statute

Bush, Trustee vs. Adams, Administrator—Opinion of Court.

of non-claim.   The testimony is, that it was published in a newspaper called the " Florida Union," which paper was published in Jacksonville, Duval county, Florida; and that it was published the day of its date, or the day after, and every week for the eight following successive weeks. Some objections were made to this testimony as being irrelevant, immaterial and incompetent, and objection is made here that it is only secondary evidence, but these are clearly untenable and frivolous ; and we think the fact of publication in the Florida Union for eight successive weeks during the time mentioned is sufficiently proved.

But it is contended that the evidence falls short of showing the publication a legal one, in that it is not shown that the Florida Union was a newspaper at that time authorized to make such publications.   This is founded on a statute then in force, which required the Secretary of State to designate one or more official newspapers in each Judicial Circuit, in which should be published all legal notices, including those of this class, or else the notice should be invalid. Laws of Florida, 1871, Chap. 1837, p. 25.   The record does not show that any objection was made to the notice on account of the provisions of this statute, and we think such objection should have been made in order to entitle appellant to the benefit of it.   This is in analogy to omission to prove the execution of a deed, where, if it is admitted in evidence without objection on that account, it is too late afterwards to raise the objection.   Not having been raised when the opposite party might have had an opportunity to remove the objection, the proof will be regarded as waived, on the presumption of the existence of the fact, though not proved.   And we think, too, it may justly be presumed in this case that the Florida Union had the official character required, inasmuch as appellant made no effort to show the contrary, and does not now in any way assert the contrary,

the burden of his complaint being simply that its official character is not shown by proof.

The notice and its publication being sufficient, the next question is, whether the claim was presented in due time to prevent the bar of the statute. There was no evidence whatever of the presentation of the claim to either the executrix or her successor. The sole reliance of appellant, after the former decision cutting him off from his position that the bar of the statute did not apply to a mortgage, or further position that the proceedings in the suit avoided the bar, was that the notice and publication were not sufficient. We have seen that he is mistaken in this, wherefore his resistence of the bar fails, and it follows that the defense of non-claim is made good.

This disposes of the case without reference to other questions presented, and the order will be for affirmance of the decree dismissing the bill.